IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MICHAEL W. HEFLIN, # L4735                                              PLAINTIFF

v.                                              CAUSE NO. 1:18CV212-LG-RHW

HARRISON COUNTY ADULT
DETENTION CENTER, HARRISON
COUNTY SHERIFF'S DEPARTMENT,
GULF COAST COMMUNITY
COLLEGE, and HARRISON COUNTY                                           DEFENDANTS


## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Michael W. Heflin is a pretrial detainee at the Hancock County Jail, and he brings this action challenging the conditions of his son's confinement. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### FACTS AND PROCEDURAL HISTORY

While Plaintiff Michael W. Heflin is currently detained at the Hancock County Jail, this Complaint concerns his son, incarcerated at the Harrison County Adult Detention Center. Defendants include Harrison County, its jail and Sheriff's Department, and Gulf Coast Community College. Gulf Coast allegedly administers the Detention Center's GED program.

Plaintiff alleges that his son is eighteen years old and that Harrison County denied him "the right to further his education through the G.E.D. program" at the Harrison County Detention Center. (1st Resp. [7] at 1). He was allegedly denied

participation in the program due to the fact that he has a "gun charge." *Id*. Plaintiff maintains this is not a proper reason to deny his son eligibility for the GED program, because in other jails, "anyone can pursue their GED! . . . He should be able like anyone to attend." (Compl. at 5). However, in the Harrison County jail, Plaintiff asserts that no violent felons, felons with a gun charge, or anyone with an aggravated assault charge is allowed in the GED program. Plaintiff contends that without the GED, his son is ineligible to transfer to a juvenile detention center.

Plaintiff brings this action under 42 U.S.C. § 1983 on behalf of his son. Plaintiff seeks an injunction allowing his son to participate in the jail's GED program.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. §

1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Plaintiff attempts to represent his son *pro se*. Because an unrepresented minor is involved, the Court must first consider its role under Rule 17, before the Court may rule on the minor's claims. Fed. R. Civ. P. 17(c)(2); *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir. 1989).

One *pro se* party cannot represent another. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir. 1998). Therefore, a minor child generally cannot bring suit through a *pro se* next friend or guardian. *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. May 7, 2008) (*pro se* guardian could not represent granddaughter). *See also*, *Elustra ex rel. Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010); *Myers v. Loudon Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Osei-Afriyie ex rel. Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991); *Cheung v. Youth Orchestra Found., Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). *But see*, *Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (*pro se* parent

can represent her child in a social security appeal because administrative rules allow it and the parent's interests are coextensive with the child's). Plaintiff is incarcerated, not living with his son, and is not represented by an attorney. Indeed, Plaintiff alleges that only "as far as [he] know[s]," his son is still in jail and not in the GED program. (2d Resp. [10] at 1). Therefore, Plaintiff may not represent his son in this civil action.

Now the Court "must appoint a guardian ad litem–or issue another appropriate order–to protect" Plaintiff's son. Fed. R. Civ. P. 17(c)(2). The Fifth Circuit Court of Appeals has set forth the procedure for a court's duty under Rule 17:

> We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor . . . in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, *though only after the Court has considered the matter and made a judicial determination that the infant . . . is protected without a guardian.*

*Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984). The Court "should consider that access to the courts by aggrieved persons should not be unduly limited, particularly . . . where an incompetent person raises allegations of violations of his rights attributable to his custodians, and further alleges a failure to act on the part of his legal guardian." *Id.*

Plaintiff seeks an injunction ordering his son's admittance to the jail's GED program. He was at least 18 years old as of July 10, 2018; therefore, he is not

4

currently a compulsory school age child. Miss. Code Ann. § 37-13-91(2)(f). As a minor, the statute of limitations would not begin to accrue on his claims until after he reaches 21, the age of majority in Mississippi. Miss. Code Ann. §§ 11-46-11(4), 15-1-59; *Hardin v. Straub*, 490 U.S. 536, 543 (1989) (applying state tolling statutes to § 1983); *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 (¶18) (Miss. 2007). After considering the matter, the Court finds, under the circumstances, Plaintiff's son's rights would be adequately protected by a dismissal without prejudice. His right of access to the courts is not cut off by such an order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, this case should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE